FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 28 2017

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

INSURANCE COMPANY OF THE STATE
OF PENNSYLVANIA a/s/o JOSE MARTINEZ                    PLAINTIFF

v.                          No. _4:17-cv- 866 - SWW_

ACE HARDWARE CORPORATION                               DEFENDANT

## NOTICE OF REMOVAL

Ace Hardware Corporation ("Ace Hardware") hereby removes this action from the Circuit Court of Pulaski County, Arkansas, to the United States District Court for the Eastern District of Arkansas, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of removal, Ace Hardware states as follows:

1.     On December 6, 2017, plaintiff filed a complaint in the Circuit Court of Pulaski County, Arkansas, styled *Insurance Company of the State of Pennsylvania a/s/o Jose Martinez v. Ace Hardware Corporation*, No. 60CV-17-7065.

2.     Plaintiff effected service of the complaint and summons on Ace Hardware on December 14, 2017. Copies of the summons and complaint are attached as Exhibit A. No other process, pleading, or order has been served by or on Ace Hardware in the state-court action.

3.     This notice of removal is timely filed. *See* 28 U.S.C. § 1446(b).

4.     The complaint is one that properly could have been filed in this Court under 28 U.S.C. § 1332, and removal is, therefore, appropriate. 28 U.S.C. § 1441(a). As alleged in the complaint, plaintiff is a resident of the state of Arkansas. Defendant is a Delaware corporation with its principal place of business in Illinois. Diversity is therefore not disputed. The amount-in-controversy requirement is also satisfied, for plaintiff alleges it exceeds the federal

This case assigned to District Judge _Wright_
1    and to Magistrate Judge _Harris_

jurisdictional requirement of $75,000. 28 U.S.C. § 1332. *Bell v. Hershey Co.*, 557 F.3d 953, 959 (8th Cir. 2009).

5.      This Court has subject matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C. § 1332. This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

6.      Venue is proper in the Eastern District of Arkansas because this District embraces Pulaski County, Arkansas, the place where the state-court action was pending.

7.      Ace Hardware will serve on counsel for plaintiff a true and correct copy of this notice of removal and will file a notice of removal with the clerk of the Circuit Court of Pulaski County. *See* 28 U.S.C. § 1446(d).

WHEREFORE, Ace Hardware Corporation removes this action to the United States District Court for the Eastern District of Arkansas, and asks this Court to assert jurisdiction over the subject matter.

QUATTLEBAUM, GROOMS & TULL, PLLC
111 Center Street, Suite 1900
Little Rock, AR  72201
(501) 379-1700
twilliams@qgtlaw.com
adavis@qgtlaw.com

By: _____
     Thomas G. Williams, Ark. Bar No. 88186
     Amber Davis, Ark. Bar No. 2011141

*Attorneys for Ace Hardware Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 28th day of December, 2017, a copy of the foregoing was served by United States mail, postage prepaid, upon plaintiff's counsel:

Joseph B. Baker, Esq.
MCDONALD KUHN, PLLC
5400 Poplar Avenue, Suite 330
Memphis, TN 38119


_____
Amber Davis

THE CIRCUIT COURT OF **Pulaski**_____ COUNTY, ARKANSAS

_____**Civil**_____ DIVISION [Civil, Probate, etc.]

Insurance Company of the State of Pennsylvania
_____

Plaintiff

v.                                                No. _____

**Ace Hardware Corporation**
_____

Defendant

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

**Ace Hardware Corporation**
_____   [Defendant's name and address.]

c/o Corporation Service Company
_____

*300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201*
A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: Joseph B. Baker, 6400 Poplar Avenue, Suite 330, Memphis, Tennessee 38119
_____

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

CLERK OF COURT

Address of Clerk's Office

_____

_____

                                   _____
                                   [Signature of Clerk or Deputy Clerk]

                                   Date:_____

[SEAL]

EXHIBIT A

No. _____ **This summons is for** Ace Hardware Corporation _____ *(name of Defendant).*

## PROOF OF SERVICE

☐ I personally delivered the summons and complaint to the individual at _____
_____[place] on _____ [date]; or

☐ I left the summons and complaint in the proximity of the individual by _____
_____ after he/she refused to receive it when I offered it to him/her; or

☐ I left the summons and complaint at the individual's dwelling house or usual place of
abode at _____[address] with _____[name], a
person at least 14 years of age who resides there, on _____[date]; or

☐ I delivered the summons and complaint to _____[name of individual],
an agent authorized by appointment or by law to receive service of summons on behalf of
_____[name of defendant] on _____[date]; or

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served
the summons and complaint on the defendant by certified mail, return receipt requested,
restricted delivery, as shown by the attached signed return receipt.

☐ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a
copy of the summons and complaint by first-class mail to the defendant together with two
copies of a notice and acknowledgment and received the attached notice and
acknowledgment form within twenty days after the date of mailing.

☐ Other [specify]: _____

☐ I was unable to execute service because: _____

_____

My fee is $ _____.

EXHIBIT A

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____        SHERIFF OF _____ COUNTY, ARKANSAS

                               By: _____
                               [Signature of server]

                               _____
                               [Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____        By: _____
                              [Signature of server]

                               _____
                               [Printed name]

Address: _____

                 _____

Phone: _____

Subscribed and sworn to before me this date: _____

                               _____
                               Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

**EXHIBIT A**



Arkansas Judiciary

**Case Title:** INSURANCE CO OF PENNSYLVANIA V ACE HARDWARE CORP

**Case Number:** 60CV-17-7065

**Type:** SUMMONS - FILER PREPARED

So Ordered

Crystal Hill

Electronically signed by CSHILL on 2017-12-06 15:36:01    page 4 of 4

EXHIBIT A

ELECTRONICALLY FILED
Pulaski County Circuit Court
Larry Crane, Circuit/County Clerk
2017-Dec-06  11:14:20
60CV-17-7065
C06D05 : 4 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**INSURANCE COMPANY OF THE STATE**                    **PLAINTIFF**
**OF PENNSYLVANIA a/s/o JOSE MARTINEZ**

v.                              No._____

**ACE HARDWARE CORPORATION**                          **DEFENDANT**

### COMPLAINT

COMES NOW the Plaintiff Insurance Company of the State of Pennsylvania (hereinafter also referred to as "Plaintiff") as subrogee of Jose Martinez (hereinafter also referred to as "Mr. Martinez"), by and through counsel, and brings this Action against Defendant Ace Hardware Corporation (hereinafter also referred to as "Defendant") in tort pursuant to Arkansas Code Annotated § 11-9-410(b) seeking recovery of workers' compensation insurance claim payments for bodily injury caused by the Defendant's negligence in loading bales of recyclable materials into a trailer that ultimately fell upon and injured Mr. Martinez on or about December 8, 2015 in Little Rock, Pulaski County, Arkansas. In support, Plaintiff would show unto this Honorable Court as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff Insurance Company of the State of Pennsylvania is a foreign insurer duly authorized to conduct business in the State of Arkansas.

2. Jose Martinez is an adult resident citizen of Mabelvale, Pulaski County, Arkansas who enjoyed coverage under a workers' compensation policy of insurance with Plaintiff at the times relevant as a result of his employment with Natural State Recycling.

3. Upon information and belief, Defendant Ace Hardware Corporation is foreign corporation formed in the State of Delaware with its principal office located in the State

1

EXHIBIT A

of Delaware and may be served with process through its registered agent, Corporation Service Company, 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

4. Upon information and belief, Defendant is national hardware retailer that is licensed and authorized to do business in the State of Arkansas and, further, does, in fact, do business in the State of Arkansas by and through, among other things, a distribution center located at or about 400 Murphy Drive, Maumelle, Arkansas 72113. Therefore, this Honorable Court has personal jurisdiction over Defendant pursuant to Arkansas Code Annotated § 16-4-101.

5. This Honorable Court has jurisdiction and venue is proper as this case arises from a workplace injury that occurred in Little Rock, Pulaski County, Arkansas on or about December 8, 2015.

FACTS AND CAUSE OF ACTION

6. By incorporation through reference, Plaintiff restates all previous allegations and averments.

7. At all times relevant, Jose Martinez was employed fulltime with Natural State Recycling as a forklift driver, working at 4501 Thibault Road, Little Rock, Arkansas 72206.

8. At all times relevant, Natural State Recycling has enjoyed coverage under a policy of workers' compensation insurance with Plaintiff.

9. By and through his employment with Natural State Recycling, Mr. Martinez enjoyed coverage under Natural State Recycling's workers' compensation insurance policy with Plaintiff.

EXHIBIT A

10. On or about December 8, 2015, Mr. Martinez was unloading large bales of cardboard material from the back of a semi-truck trailer in the scope and course of his employment with Natural State Recycling.

11. In the course of doing so, a large bale of cardboard rolled off of the second row of bales and hit Mr. Martinez, pinning him to the ground under its weight.

12. As a result of the accident, Mr. Martinez sustained serious bodily injury including, but not limited to, a dislocated pelvis, fractured vertebrae, and damage to his bladder.

13. The large bales of cardboard were in a semi-truck trailer that had come from Defendant's distribution center at or about 400 Murphy Drive, Maumelle, Arkansas 72113.

14. Upon information and belief, Defendant's employees, agents, and/or servants loaded the large bales of cardboard into the semi-truck trailer.

15. Defendant's employees, agents, and/or servants failed to load the large cardboard bales into the trail in a reasonable manner so as to prevent the cardboard bales from toppling over on to nearby persons and/or property.

16. In the alternative, Defendant's employees, agents, and/or servants otherwise failed to properly load the large cardboard bales into the trailer in a reasonable manner.

17. The acts and/or omissions of Defendant's employees, agents, and/or servants in improperly loading the large bales of carboard material into the trailer amount to negligence for which Defendant is vicariously liable by and through the employment and/or agency relationship.

3

EXHIBIT A

18. The acts and/or omissions of Defendant's employees, agents, and/or servants were the sole, direct, and proximate cause of Mr. Martinez's injuries.

19. As a result of the accident, Mr. Martinez made a claim on Plaintiff's workers' compensation policy with Natural State Recycling.

20. Pursuant to its insurance policy, Plaintiff made payment in an amount not less than $282,557.09 to and/or on behalf of Mr. Martinez for his injuries caused by Defendant's negligence such that Plaintiff is legally, contractually, and equitably subrogated to recover the same from Defendant.

21. Prior to filing the instant Complaint, Plaintiff provided written notice to Mr. Martinez on or about July 21, 2017 of his right to retain independent counsel to pursue any benefits to which he is entitled from Defendant and, to date, Mr. Martinez has declined to do so, upon information and belief.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Insurance Company of the State of Pennsylvania prays that the Court grant it judgment in an amount not to exceed $350,000.00 for compensatory damages and, further, award it discretionary costs, court costs, pre-judgment interest, and post-judgment interest.

Respectfully submitted,

McDONALD KUHN, PLLC

/s/ Joseph B. Baker
Joseph B. Baker (2010057)
5400 Poplar Avenue, Suite 330
Memphis, Tennessee 38119
(901) 526-0606
*Attorneys for Plaintiff*

4

EXHIBIT A